This is an accelerated appeal from a summary judgment issued by the Allen County Court of Common Pleas to mortgagees in a foreclosure action.
On July 11, 1974, appellees, Harry H. Wagner, Jr., and Charlotte Wagner, along with Harry Wagner, Jr.'s parents, Harry H. Wagner, Sr., and Marjorie C. Wagner, borrowed $65,000 from the predecessor in interest to appellant, The Ohio Bank, nka Sky Bank — Ohio Bank Region. All four parties executed a promissory note memorializing their agreement to repay the borrowed sum, plus nine percent interest. At the same time, the senior Wagners gave the bank a mortgage on certain real property to secure the note. On December 31, 1975, the senior Wagners transferred the real property to a family corporation, Harry H. Wagner Son, Inc.
It is undisputed that the Wagner corporation made timely payments on the obligation through February 1, 2000, the date of the final scheduled payment on the loan. However, when appellees sought release of the mortgage, appellant informed them that a principal balance of nearly $27,000 remained on the note. This amount had accrued, according to the bank, because of a 1980 interest rate increase from nine percent to ten percent. When appellees refused to pay the increase, appellant instituted the foreclosure action which underlies this appeal.
In the trial court, the matter was submitted on cross-motions for summary judgment. The court concluded that appellant failed to satisfy a condition precedent in the promissory agreement; that is, the notice clause was not complied with and appellant, therefore, was not entitled to enforce the interest rate increase. As a result of this conclusion, the trial court granted summary judgment in favor of appellees. This appeal followed.
In two assignments of error, appellant asserts that the trial court's judgment was erroneous.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
"* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,67, Civ.R. 56(C).
At issue here is whether appellant's predecessor satisfied a condition necessary to impose an interest rate increase set forth in the 1974 promissory note. The material term of that agreement provides:
"The undersigned agree that the holder of this Note * * * is expressly authorized at its discretion to increase the interest rate charged hereon to a rate not greater than one percent in excess of the rate hereinbefore specified by giving at least sixty days prior written notice thereof byletter mailed to the last known address as shown by the books of theholder hereof, of the undersigned or the then owner of the propertymortgaged to secure this Note. In the event said interest rate is so changed, the undersigned hereby agree to thereafter pay interest at the rate so fixed in accordance with the above provisions." (Emphasis added.)
Appellant insists that it satisfied this contractual notice requirement on April 24, 1980, in a letter addressed to "Mr. and Mrs. Harry H. Wagner, Sr., 2395 North Cole Street, Lima, OH 45805."
The plain language of the promissory contract requires that the bank notify the "owner of the property mortgaged" or the "undersigned" antecedent to an effective interest rate increase. It is undisputed that on April 24, 1980, the Wagner corporation owned the mortgaged property and no notice was sent to the corporation. The "undersigned" on the note were Harvey, Sr., and Marjorie Wagner and Harry, Jr., and Charlotte Wagner. Appellant presented no evidence showing that a notice was ever even attempted to Harry, Jr., and Charlotte Wagner. Consequently, appellant's predecessor failed to satisfy the notice requirement of the promissory note and may not now enforce its 1980 interest rate increase.
Accordingly, appellant's first assignment of error is not well-taken.
Its second assignment of error complains of language in the trial court's judgment entry which was surplusage. That assignment, too, is not well-taken.
On consideration whereof, the judgment of the Allen County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J. and Mark L. Pietrykowski,P.J. CONCUR.